# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 15-452V
Filed: April 17, 2017

```
* * * * * * * * * * * * * *
HARVEY MCBRIDE,                     *        UNPUBLISHED
                                    *
              Petitioner,           *
v.                                  *        Decision on Attorneys' Fees and Costs;
                                    *        Reasonable Amount to Which Respondent
SECRETARY OF HEALTH                 *        Does Not Object.
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
* * * * * * * * * * * * * *
```

*Ronald C. Homer, Esq.*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Ryan D. Pyles, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 4, 2015, Petitioner ("Mr. McBride," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that he developed "a brachial plexopathy in his right shoulder" and experienced residual side effects of this injury for more than six months as a result of receiving an influenza ("flu") vaccination on December 19, 2013.  *See* Stipulation at ¶¶ 1-4.  Respondent denies that the type immunization caused petitioner's injury.  *Id*. at ¶ 6.  Nevertheless, the parties agreed to settle the case.  On January 25, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.  Decision, ECF No. 35.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 31, 2017, petitioner filed a motion for attorneys' fees and costs.  Motion for Fees, ECF No. 40.  Petitioner requests attorneys' fees in the amount of $24,024.10 and $3,912.34 in costs, for a total amount of $27,936.44 for work performed by petitioner's counsel of record, Ronald C. Homer, of Conway & Homer ("CH").  *Id*.  In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses.  On April 6, 2017, respondent filed a response to petitioner's Motion for Fees.  Response, ECF No. 42.  Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the [] Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  42 U.S.C. § 300aa—15(e)(1).  A petitioner need not prevail on entitlement to receive a fee award as long as petitioner brought the claim in "good faith" and with a "reasonable basis" to proceed.  *Id*. When a petitioner prevails, as petitioner did in the instant case, the special master must assess whether the fees and costs requested by petitioner are "reasonable."   Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs.  *See Perreira v. Sec'y of Health and Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994); *see also Saxton v. Sec'y of Health and Human Servs.,* 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications").

## A.      Reasonable Hourly Rate

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, the court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id*. at 1347–58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id*. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d 1517 at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id*. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

In this case, petitioners requests $2,553.90 for work performed by Ms. Ciampolillo (8.3 hours at $300 per hour and .3 hours at $213 per hour), $203.00 for work performed by Mr. Pepper (.7 hours at $290 per hour), $9,487.00 for work performed by Ms. Faga (35.80 hours at $265 per hour), $196.00 for work performed by Ms. Daniels (.7 hours at $280 per hour), $3,640.00 for work performed by Ms. Caplan (18.2 hours at $200 per hour), $1,480.00 for work performed by Mr. Homer (3.70 hours at $400 per hour), and $6,464.20 in paralegal fees (47.8 hours at $135 per hour and .10 hours at $112 per hour), for a total of $24,024.10 in fees.

The requested rate of $265 per hour for Ms. Faga was recently approved by Chief Special Master Dorsey in *Thomure v. Sec'y of Health & Human Servs.*, No. 15–322v, 2016 WL 3086389 (Fed. Cl. Spec. Mstr. April 12, 2016). The rates for the other individuals are all consistent with the rates awarded to them in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Accordingly, the undersigned finds that the requested rates are reasonable.

In addition, the undersigned finds the hours expended to be reasonable. As discussed in *McCulloch*, Mr. Homer is one of the most seasoned attorneys in the Vaccine Program. He performs a supervisory function at the firm, assigning cases to its various attorneys, ensuring that orders are complied with, and deadlines are met. Based on the undersigned's review, Mr. Homer performed an appropriate amount of management and occasional consultation in this case. Furthermore, the undersigned does not find that the work performed on this case was duplicative or otherwise unreasonable. As such, the requested hours will be compensated.

## B.    Reasonable Costs

Petitioner requests a total of $3,912.34 in attorneys' costs. Motion For Fees, ECF 40 at 1; *see generally id.* at 20-33. The requested costs consists *intra alia*, of the filing fee, expert fees, and medical record fees. The undersigned finds petitioners requested costs to be reasonable.

## II. Total Award Summary

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned grants petitioner's motion for attorneys' fees and costs. Accordingly, the undersigned **awards the total of $27,936.44[3] as follows:**

- **A lump sum of $27,936.55,** representing reimbursement for attorneys' fees and costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, Ronald C. Homer.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**<u>s/ Mindy Michaels Roth</u>**
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.